IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS PAUL RICHARD, SR., EM-8033,<br>    Petitioner, | )<br>)<br>) |
| v. | ) 2:09-cv-1628<br>) |
| DAVID DIGUGLIELMO, et al.,<br>    Respondents. | )<br>) |

Report and Recommendation

I.  Recommendation:

It is respectfully recommended that the petition of Thomas Paul Richard, Sr., for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

II.  Report:

Thomas Paul Richard, Sr., an inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus.

In his petition, Richard seeks to challenge his conviction in the Court of Common Pleas of Westmoreland County, Pennsylvania.[1]

---

[1] This action was originally filed in the Eastern District of Pennsylvania and transferred to this Court on December 10, 2009.  In her Order of transfer, Judge McLaughlin observes that in his petition, Richard seeks to challenge his Westmoreland conviction which was reviewed by the Western District Court in Civil Action No.07-cv-16 the latter relating to CP-65-CR-3607 of 1999. While Richard does not appear to set forth the conviction about which he complains in the present petition, he does state in his prolix petition that "the appendicised opinion of the Pa. Superior Court, #2026 WDA 2008 correctly recites the state history." While that opinion is not appended to the petition, the public on-line docket sheet for the Superior Court notes that its

1

The instant petition was filed in the Eastern District of Pennsylvania on September 21, 2009.  However, this is not the first federal challenge that the petitioner has directed at this conviction.  Richard filed a federal habeas corpus petition in this Court at 07-cv-16 challenging this same conviction.  In the latter case the petition was dismissed on the grounds that it lacked merit. On appeal, the United States Court of Appeals for the Third Circuit denied a certificate of appealability on March 19, 2008 at USCA Case Number 08-1397.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws.  As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a

---

determination related to Richard's conviction at CP-65-CR-3607 of 1999. Thus, it would appear that the challenge he seeks to raise here is to the same conviction previously reviewed by this Court at No.07-cv-16.

petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Thomas Paul Richard, Sr., for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Within fourteen (14) days any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                s/Robert C. Mitchell,

Entered: January 6, 2010                         United States Magistrate Judge